IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 16-cv-00396-CMA

CARRINGTON MORTGAGE SERVICES, LLC,

    Plaintiff,

v.

JOHN M. MBAKU, and
LUVIBIDILA JOLIE LUMUENEMO,

    Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND AND REMANDING CASE TO ARAPAHOE COUNTY DISTRICT COURT**

    This matter is before the Court on Plaintiff's Motion to Remand Case to Arapahoe County District Court. (Doc. # 12.) Defendants filed a Response on April 4, 2016.[1] (Doc. # 15.) For the reasons provided below, the Court grants the instant Motion.

    In February of 2008, Defendants John M. Mbaku and Luvibidila Jolie Lumuenemo borrowed a principal amount of $166,885, from Taylor, Bean & Whitaker Mortgage Corporation. (Doc. # 12-1.) The loan was evidenced by a deed of trust and a promissory note, with the residence located at 1177 S. Alton St., Unit A, Denver, CO 80247 ("the subject property"), listed as security. (Doc. # 12-2.) The note was assigned to BAC Loan Servicing, which later merged into Bank of America, N.A. (BANA). *Mbaku*

---

[1] Defendants appear *pro se*; accordingly, the Court construes their Response liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Nevertheless, the Court does not act as an advocate for *pro se* litigants. *Id.*

*v. Bank of Am.*, No. 12-CV-00190-PAB-KLM, 2014 WL 4099313, at *2 n.3 (D. Colo. Aug. 20, 2014) (internal citation omitted).  After several attempted foreclosures of the subject property in 2010 and 2011, Defendants' bankruptcy, and a federal lawsuit which (among other things) unsuccessfully challenged the facial constitutionality of Colorado's foreclosure procedures under Rule 120 of the Colorado Rules of Civil Procedure, *see Mbaku v. Bank of America,* 628 F. App'x 968, 970 (10th Cir. 2015), BANA again initiated foreclosure proceedings on the subject property.  Specifically, on May 3, 2013, BANA filed a Verified Motion for Order Authorizing Sale pursuant to Rule 120, Colorado Rules of Civil Procedure ("Second Rule 120 case").[2]  On May 16, 2013, Defendants filed a Notice of Removal in the Second Rule 120 case.  The next day, Judge Phillip A. Brimmer remanded that case back to the District Court of Arapahoe County, for lack of diversity jurisdiction (as Mr. Mbaku and Ms. Lumuenemo were Colorado citizens), and because there was no basis for federal question jurisdiction.  (*See* Doc. # 12-3.)  After being remanded, the Second Rule 120 case was ultimately dismissed by Arapahoe County without prejudice on August 30, 2014; the Note and Deed of Trust were also purportedly transferred to Plaintiff, Carrington Mortgage Services (CMS) in August of 2014.  (Doc. # 12, ¶¶ 2 n.1, 11.)

On February 4, 2016, Plaintiff CMS filed a verified motion for an order authorizing a sale of the subject property with the District Court of Arapahoe County, Colorado, pursuant to Rule 120 of the Colorado Rules of Civil Procedure ("Third Rule 120 case").

---

[2] Under Colorado law, once a creditor defaults on a loan and if the deed of trust so authorizes, the holder of the promissory note may request that the public trustee sell the property at a foreclosure sale.  Colo. Rev. Stat. § 38-38-101(1).  The holder of the note must also seek an order from the state district court authorizing the sale under Rule 120.  Colo. R. Civ. P. 120.

(Doc. # 12-4.) The instant Motion indicates that the subject property is now scheduled for sale on May 25, 2016. (Doc. # 12, ¶ 12.) On February 18, 2016, Defendants removed the instant case to this Court, and attempt to invoke this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332, noting that they are now residents of Virginia, not Colorado. (Doc. # 1-2.)

By filing their Notice of Removal, Defendants have removed the Third Rule 120 proceeding to this Court. However, even assuming, **for the sake of argument**, that this Court has diversity jurisdiction over this matter, to the extent Defendants seek to have this Court upset the state court order authorizing a sale of the subject property – indeed, Defendants' Response to the instant Motion indicates that they are requesting the "dismiss[al]" of the "order authorizing the public trustee to sell" the subject property (Doc. # 15 at 1) – Rule 120 simply does not provide a mechanism or authority for the Court to do so.[3] Colo. R. Civ. P. 120(d) ("Neither the granting nor the denial of a motion under this Rule shall constitute an appealable order or judgment."); *see also United Guar. Residential Ins. Co. v. Vanderlaan*, 819 P.2d 1103, 1105 (Colo. App. 1991) (noting that "generally no appeal may be taken to review" an order resulting from a Rule

---

[3] Specifically, Defendants request that the Court dismiss the state court order authorizing a sale of the subject property under Rule 12(b)(1) of the Federal Rules of Civil Procedure, asserting that CMS does not have "standing" to foreclose on defendants' loan. (Doc. # 15 at 1.) However, Rule 12(b) provides no such authority; rather, it provides that a party may assert various **defenses to a complaint**, such as lack of subject-matter jurisdiction (under 12(b)(1)), improper venue (under 12(b)(3)), or insufficient service of process (under 12(b)(5)). Fed. R. Civ. P. 12(b); *see also* 5B C. Wright & A. Miller, Federal Practice and Procedure § 1349 (3d ed.) (emphasis added) ("Rules 12(b)(1) through 12(b)(5) and 12(b)(7) essentially are defenses to the district court's ability to proceed with the action. . . . Rule 12(b) encourages a defending party **to attempt to bring an early end to the lawsuit** and thereby avoid being forced to prepare for a trial on the merits when the case should be dismissed because of a threshold or technical matter, such as lack of venue or insufficiency of process.")

3

120 proceeding); *Indymac Venture LLC v. Levinger*, No. 10-CV-02056-PAB, 2010 WL 3431646, at *2 (D. Colo. Aug. 30, 2010) (noting that "Rule 120 does not provide a mechanism" to "upset [an] order authorizing sale in the context of [a] . . . removed Rule 120 proceeding"). Instead, Rule 120 foreclosure proceedings involve the "issuance of orders by the state district court authorizing and confirming the sale" and the "largely administrative" process of conducting the sale. *Beeler Properties, LLC v. Lowe Enterprises Residential Investors, LLC*, 2007 WL 1346591, *2 (D. Colo. May 7, 2007); *see also* Colo. R. Civ. P. 120(d) (emphasis added) ("[t]he scope of inquiry at such hearing **shall not extend beyond the existence of a default** or other circumstances authorizing, under the terms of the instrument . . . [the] exercise of a power of sale . . . and such other issues required by the Service Member Civil Relief Act (SCRA)."); *United Guar. Residential Ins. Co*, 819 P.2d at 1105 (plaintiff's failure to raise a defense to deficiency in a Rule 120 proceeding did not preclude later challenge because "proceedings pursuant to C.R.C.P. 120 are not adversarial in nature, [and] are not final.") Indeed, Rule 120 expressly provides that the state court's order approving the sale is "without prejudice to the right of any person aggrieved to seek injunctive or other relief in any court of competent jurisdiction." Colo. R. Civ. P. 120(d).

Accordingly, Defendants are authorized to raise arguments concerning the validity of their foreclosure in a **separate** (i.e., collateral) **action** from that of the Third Rule 120 action. However, as is evident from Defendants' Notice of Removal, the instant case is not an action that is distinct in **any fashion** from the Third Rule 120 proceeding; rather, Defendants are simply attempting to undo the results of that

proceeding in this Court, despite the fact that Rule 120(d) expressly provides that the granting of a Motion under the rule does not constitute an appealable order or judgment. *See* Colo. R. Civ. P. 120(d).  Therefore, if Defendants wish to assert a collateral attack to their foreclosure in this Court, they must initiate a **new action** which they bring a Complaint **as Plaintiffs**.[4]  *See Indymac Venture LLC,* 2010 WL 3431646 at *2 (remanding removed Colorado state Rule 120 case for this reason).

For the foregoing reasons, the Court GRANTS Plaintiff's Motion to Remand. (Doc. # 12.)  As such, it is ORDERED that this case is hereby REMANDED to the District Court, Arapahoe County, Colorado, where it was originally filed as Case No. 2016-CV-030275.  It is

FURTHER ORDERED that Defendants' Motion to Dismiss Plaintiff's Motion for Order Authorizing Sale Pursuant to Fed. R. Civ. P. 12(b)(1) (Doc. # 15) is hereby DENIED AS MOOT.

DATE: April 14, 2016

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

---

[4] The Court expresses no opinion, however, as to (1) whether Defendants would, in fact, be able to show that there is diversity jurisdiction in such a collateral case, including complete diversity of citizenship, or (2) whether Defendants' claims would be precluded by their prior federal foreclosure case involving BANA under the doctrines of collateral estoppel or *res judicata*.